# THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL NO. 2:22cr45 |
| | ) | |
| JONATHAN WILSON, | ) | |
| | ) | |
| Defendant. | ) | |

## POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, by Jessica D. Aber, United States Attorney, and Elizabeth M. Yusi, Assistant United States Attorney, offers this position paper regarding the sentencing factors stated in 18 U.S.C. § 3553(a). According to the PSR, the advisory guidelines under the United States Sentencing Guidelines (U.S.S.G. or "Guidelines") call for 720 months' imprisonment (restricted)[1]. Based on the heinous nature of the offenses and relevant conduct, among other factors including the agreement not to ask for over 432 months' imprisonment, the United States asks the Court to impose a sentence of 432 months' imprisonment and lifetime supervised release. In support of its position, the government states as follows:

### I. BACKGROUND

As this court is aware, on December 29, 2022, pursuant to a plea agreement, defendant JONATHAN WILSON appeared before the Court and pleaded guilty to two counts of Production of Child Pornography, in violation of 18 U.S.C. § 2251. The charge is a serious one and demands a 15-year mandatory minimum and a maximum of 30 years, per count. In the plea agreement, the government agreed not to ask for over 432 months, but the government and

---

[1] The Guidelines call for life imprisonment, but are restricted by the 30 year statutory maximum for each count of production.

defendant acknowledged this is not binding on the Court. At the sentencing hearing scheduled for June 1, 2023, the government will ask the Court to sentence WILSON to 432 months' imprisonment. His crimes are deserving of this harsh sentence and it is clearly supported by the factors under 18 U.S.C. § 3553 considered by the Court.

The investigation that led to WILSON's identification started in September 2021, when the Chesapeake Police Department (CPD) received numerous CyberTips from Kik, a social media application. Kik reported that a user of their application uploaded visual depictions of minors engaging in sexually explicit conduct (SEC) to his Kik account. Through investigative means, CPD identified WILSON as being responsible for the Kik conduct.

At the same time as the CPD investigation, Homeland Security Investigations (HSI), Norfolk Office, had a parallel investigation leading to the identification of WILSON. HSI received a tip from law enforcement in Belgium that WILSON had been communicating with a Belgian citizen and sent images and videos of a prepubescent minor engaging in SEC to the citizen. Some of those images and videos depicted Jane Doe 1 engaged in SEC. When HSI and CPD shared information, they realized they needed to act immediately.

On January 18, 2022, law enforcement executed a search warrant at WILSON's residence. They seized numerous pieces of electronic media that belonged to WILSON. They also identified certain rooms in the Chesapeake residence and items within the rooms as the same as in the background of some of the visual depictions of Jane Doe 1 that Belgium authorities sent to HSI.

Law enforcement performed a forensic analysis of WILSON's electronic media. The analysis found evidence of WILSON's involvement with images of minors engaging in SEC on

2

several different items, including a black SandDisk USB, a gold Iphone 6S, a gray iPad Air 3, and an iPhone Pro Max. In addition, law enforcement received valid search warrants for WILSON's Kik and iCloud accounts, both of which contained images of minors engaging in SEC. The images of minors engaging in SEC found on WILSON's media and in his accounts contained two different types of images: 1) images of minors engaging in SEC obtained from the Internet, and 2) images of Jane Doe 1 engaging in SEC that WILSON produced himself. Jane Doe 1 was two years old when WILSON began to produce the images of her sexual abuse and continued until and when she was four years old. There were over 1,000 unique sexually explicit images of Jane Doe 1 produced by WILSON. Some of the images and videos show WILSON having Jane Doe 1 watch pornography on his computer, among other very disturbing things.

During this same time period, WILSON was also found to have been engaging in online enticement with a teenage, minor girl. He convinced her to send him sexually explicit images.[2]

Regarding the SEC images from the Internet, the images were sent to the National Center for Missing and Exploited Children (NCMEC). NCMEC found WILSON had over 1,500 image and video files from 316 different known series.

## II.  STANDARDS GOVERNING SENTENCING

In three opinions, the Supreme Court pronounced the current sentencing regime. In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the

---

[2]  At sentencing, the government will present evidence from HSI Special Agent Paul Wolpert concerning the information in the PSR to which defendant objected.

Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 552 U.S. 85 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 90. Finally, in *Gall v. United States*, 552 U.S. 38 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 49-50. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. Appx. 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

### III.  FACTORS UNDER 18 U.S.C. § 3553(a)

Under 18 U.S.C. § 3553(a), when imposing a sentence, the Court should consider the nature and circumstances of the offense as well as the history and characteristics of the

4

defendant. The Court should impose a sentence that reflects the seriousness of the offense, and the need to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes, and to provide the defendant with adequate rehabilitation or medical treatment.

    A.    **Nature and Circumstances of the Offense**

Child sexual abuse is horrific and an abhorrent crime. Indeed, WILSON's crimes are some of the most horrific and abhorrent ever before this Court. WILSON chose a young, vulnerable victim. He groomed her and abused her over a period of years. He also distributed her images. Luckily, law enforcement discovered WILSON's deviant crimes and was able to rescue Jane Doe 1 from this situation. However, the disturbingly young age of WILSON's victim makes WILSON's crime even more concerning than other "typical" production offenders.

Another disturbing aspect of WILSON's crimes is that he was reaching out to real kids online and exploiting them. He also had a large collection of known and unknown images of minors engaging in SEC. This supports the inference that WILSON's sexual preference for children spans from very young children to pubescent children. This makes all children potential victims of WILSON and should be considered by the Court. These aspects of his crimes and preferences take WILSON well outside of the heartland of "typical" child pornography producers, and is deserving of 432 months' imprisonment.

    B.    **Defendant's Criminal History**

The defendant has no official relevant criminal history. This is not unusual in these types of cases. However, he does have a history of ignoring court orders and general defiance. And, based on the evidence before the Court, it is clear that WILSON is a recidivist sex offender.

It is also clear that WILSON would have continued his victimization with either the same or new victims if law enforcement had not arrested him in the instant case. The fact that he has little criminal history should not place him on a pedestal by any means. It is just further proof that sexual abuse is one of the most under-reported crimes, especially when the predators choose extremely young victims who cannot speak or that predators can control easier and not fear their reporting to parents or police.

      **C.     Need to Deter Future Criminal Conduct and to Protect the Public**

Defendant's sentence needs to accomplish the twin goals of deterring the defendant from engaging in future criminal conduct and to protect the public. WILSON has shown that he is the epitome of the type of person from which the public needs to be protected. WILSON had a toddler victim, and also a teenage victim. The government does not believe that WILSON is able to control himself, which does not bode well for any rehabilitation chances. The government avers that WILSON will continue to try to take advantage of children should he have any chance to do so. Due to this risk, adequate punishment, deterrence and protection of the public all call for a severe sentence for WILSON's offenses. 18 U.S.C. § 3553(a)(2).

      **D.     Need to Provide Treatment to Defendant**

Due to the nature and duration of the defendant's crimes, defendant should be ordered to participate in a sex offender treatment program while incarcerated.

      **E.     Need to Avoid Unwarranted Sentencing Disparities**

JONATHAN WILSON's actions related to the crime of conviction and other relevant conduct support a sentence of 432 months' imprisonment. The government believes that WILSON is among the more dangerous sex offenders, as he has no age of preference and he

offended and offended children over a long period of time (for at least two years). He is also relatively young, meaning he has a long life ahead of him to potentially create new victims.

WILSON is dangerous. As such, WILSON deserves a 432 months' sentence of imprisonment and a lifetime term of supervised release.

## IV. CONCLUSION

For the reasons stated above, the government asks the Court to impose a sentence of 432 months' imprisonment and lifetime supervised release.

                JESSICA D. ABER,
                UNITED STATES ATTORNEY

By:         /s/
                Elizabeth M. Yusi
                Assistant United States Attorney
                Attorney for the United States
                United States Attorney's Office
                101 West Main Street, Suite 8000
                Norfolk, VA 23510
                Office Number: 757-441-6331
                Facsimile Number: 757-441-6689
                E-Mail Address: elizabeth.yusi@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on May 25, 2023, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

I further certify that on May 25, 2023, I caused a true and correct copy of the foregoing to be emailed to the following:

Latriston Cox
United States Probation Officer

/s/
Elizabeth M. Yusi
Assistant United States Attorney