# THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CRIMINAL NO. 2:22cr45 |
| | ) |
| JONATHAN WILSON, | ) |
| | ) |
| Defendant. | ) |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S OBJECTION TO THE CALCULATION OF HIS CRIMINAL HISTORY

Now comes the United States of America, by and through attorneys, Jessica D. Aber, United States Attorney for the Eastern District of Virginia, and Elizabeth M. Yusi, Assistant United States Attorney, and submits its response in opposition to defendant Jonathan Wilson's objection to the calculation of his criminal history. For the reasons set forth below, the criminal history calculation is accurate and should be upheld.

The defendant objects to the application of criminal history points for different convictions for violating a protective order. ECF No. 57. However, pursuant to the U.S. Sentencing Guidelines (U.S.S.G. or "Guidelines"), convictions for violating protective orders under Virginia law should be counted towards Wilson's criminal history points. As such, the Presentence Investigation Report (PSR) is accurate.

Here, Wilson was convicted of violating protective orders on February 12, 2020, March 23, 2020, and April 1, 2020 in state court in Chesapeake. ECF No. 55, PSR ¶¶ 62-64. The Guidelines clearly state that prior "sentencing for misdemeanors and petty offenses are counted…" towards the calculation of criminal history categories. U.S.S.G. § 4A1.2(c). The Guidelines then provides a list of exceptions to this blanket inclusion. *Id.* It is defendant's

burden to prove that violation of a protective order under Virginia law is similar to one of the listed, excepted crimes. This, he cannot do.

Section 4A1.2, comment. n. 12(A) sets out the standard for determining whether an offense is similar to one of the enumerated offenses in § 4A1.2(c)(1):

> In determining whether an unlisted offense is similar to an offense listed in subdivision (c)(1) or (c)(2), the court should use a common sense approach that includes consideration of relevant factors such as (i) a comparison of punishments imposed for the listed and unlisted offenses; (ii) the perceived seriousness of the offense as indicated by the level of punishment; (iii) the elements of the offense; (iv) the level of culpability involved; and (v) the degree to which the commission of the offense indicates a likelihood of recurring criminal conduct.

U.S.S.G. § 4A1.2, comment. n.l2(A).

Protective orders issued in Virginia are intended to "safeguard the health and physical safety of a petitioner." *Elliott v. Commonwealth of Virginia*, 277 Va. 457, 463 (2009). To prove violation of a protective order, it must be proven that the act violated the protective order, the defendant had actual notice of the terms of the protective order, and the act occurred while the protective order was in effect. *See Koroshev v. Commonwealth of Virginia*, 2014 WL 5839774 at 7 (Va. App. November 12, 2014). Under Virginia law, a violation of a protective order is a Class 1 Misdemeanor punishable by up to 1 year in prison. Va. Code. § 18.2-60.4; 18.2-11(a). If a person is convicted of a second violation of a protective order, there is a mandatory minimum of 60 days' confinement. Va. Code. § 18.2-60.4(A). A conviction for violating a protective order bars a finding of contempt by the court for the same act. *Id.* The Virginia Code limits the punishment for contempt of court to a fine of $250 and imprisonment of 10 days, unless a jury is impaneled. Va. Code § 18.2-457. As such, contempt is a lesser crime than a Class 1 Misdemeanor.

As pointed out by defendant, "contempt" is included in this list of exceptions. However, as discussed, the misdemeanor conviction for violating a protective order in Virginia is a separate, more serious crime than "contempt." As such, the convictions for violating a protective order should be counted in Wilson's criminal history calculation. *See, e.g. United States v. Gillespie*, 406 Fed. App'x 749, 750 (4th Cir. 2011) (the Virginia Code's contempt provision defines a violation of a protective order as a Class 1 misdemeanor and as such, should be counted toward defendant's criminal history calculation). Further, none of the other "exceptions" are similar to violating protective orders. As such, defendant's objections are without merit.

## CONCLUSION

For the reasons stated above, the government asks the Court to overrule defendant's objection to the inclusion of the criminal convictions in the calculation of his criminal history.

                          JESSICA D. ABER,
                          UNITED STATES ATTORNEY

By:       /s/
     Elizabeth M. Yusi
     Assistant United States Attorney
     Attorney for the United States
     United States Attorney's Office
     101 West Main Street, Suite 8000
     Norfolk, VA 23510
     Office Number: 757-441-6331
     Facsimile Number: 757-441-6689
     E-Mail Address: elizabeth.yusi@usdoj.gov

# **CERTIFICATE OF SERVICE**

I certify that on May 31, 2023, I electronically filed a copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

I further certify that on May 31, 2023, I caused a true and correct copy of the foregoing to be emailed to the following:

Latriston Cox
United States Probation Officer

                                  /s/
                              Elizabeth M. Yusi
                              Assistant United States Attorney